**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**JACKIE MICHAEL BELL,**

**Plaintiff,**

**vs.** **CASE NO. 1:09CV176-MMP/AK**

**FLORIDA DEPARTMENT OF REVENUE, CHILD SUPPORT DIVISION, et al,**

**Defendants.**

**_____________________________/**

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action as a non-prisoner pursuant to 42 U.S.C. §1983 alleging that the child support debt collection system violates his fundamental rights and he seeks a declaratory judgment that the system is unconstitutional. (Doc. 6). He was granted leave to proceed IFP by separate order. (Doc. 5).

A district court should review subject matter jurisdiction sua sponte, and shall dismiss an action "whenever it appears" that the court lacks subject matter jurisdiction. Rule 12(h)(3), Federal Rules of Civil Procedure; Blue Cross & Blue Shield of Alabama, 138 F.3d 1347 (11th Cir. 1998); and Bell v. Hood, 327 U.S. 678 (1946).

"To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States."

Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).

Plaintiff complains about the operation of a debt collection "system" related to child support, but does not identify any federal statute or constitutional law at issue.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this ***17th*** day of December, 2009.

***s/ A. KORNBLUM***
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**